UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7086 CAS (JCGx) | Date | December 19, 2013 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Dkt. 8, filed November 14, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 23, 2013, is vacated, and the matter is hereby taken under submission.

On September 24, 2013, plaintiff Longyu International Inc. ("Longyu") filed a complaint against defendants E-Lot Electronics Recycling Inc. ("E-Lot"), Morris Freedman, and Anthony Dawson. Dkt. 1. Plaintiff's complaint asserts claims for (1) breach of contract; (2) fraud; (3) promissory estoppel; (4) breach of warranty; (5) unjust enrichment; and (6) violation of Cal. Bus. & Prof. Code § 17200. In brief, plaintiff avers that in early 2012, it purchased four container of scrap metal and materials from defendants, but discovered after the material was shipped to China that the material was of substandard quality.

On November 14, 2013, defendants filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction. Dkt. 8. On December 2, 2013, plaintiff filed its opposition. Dkt. 10. Plaintiff's opposition asserts, among other things, that this Court has personal jurisdiction over individual defendants Freedman and Dawson because they are alter egos of E-Lot. Plaintiff requests jurisdictional discovery to substantiate this claim.

After reviewing the parties' arguments, the Court finds that jurisdictional discovery is appropriate in this case. Further factual development would assist the Court in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7086 CAS (JCGx) | Date | December 19, 2013 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

determining whether plaintiff has met its burden of showing that Freedman and Dawson are alter egos of E-Lot.  See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1135 (9th Cir. 2003) (holding that alter ego liability can supply a basis for personal jurisdiction, but remanding for jurisdictional discovery because "the record is simply not sufficiently developed to enable us to determine whether the alter ego or agency tests are met"); Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 (9th Cir. 1977) (stating that jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." (quoting Kilpatrick v. Texas & P. Ry., 72 F. Supp. 635, 638 (S.D.N.Y. 1947))).

     In accordance with the foregoing, the Court hereby RESERVES JUDGMENT on defendants' motion to dismiss.  Plaintiff shall have 45 days to conduct jurisdictional discovery.  On or before **February 3, 2013**, plaintiff shall submit a short brief, not to exceed five pages, summarizing the results of this jurisdictional discovery.  Defendants may submit a short responsive brief, also not to exceed five pages, on or before **February 10, 2013.**  At that point, the matter shall stand submitted.

     IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of the Preparer | | CMJ | |