UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Dkt. 8, filed November 14, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of May 5, 2014, is vacated, and the matter is hereby taken under submission.

**I.     INTRODUCTION AND BACKGROUND**

On September 24, 2013, plaintiff Longyu International Inc. ("Longyu") filed a complaint against defendants E-Lot Electronics Recycling Inc. ("E-Lot"), Morris Freedman, and Anthony Dawson. Dkt. 1. Plaintiff's complaint asserts claims for (1) breach of contract; (2) fraud; (3) promissory estoppel; (4) breach of warranty; (5) unjust enrichment; and (6) violation of Cal. Bus. & Prof. Code § 17200. In brief, plaintiff avers that in early 2012, it purchased four containers of scrap metal and materials from E-Lot, but discovered after the material was shipped to China that the material was of substandard quality.

On November 14, 2013, defendants filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction or, in the alternative, to transfer the case to the Northern District of New York. Dkt. 8. On December 2, 2013, plaintiff filed its opposition. Dkt. 10. On December 19, 2013, the Court ordered the parties to conduct jurisdictional discovery. Dkt. 11. On April 2, 2014, plaintiff filed its brief summarizing the results of the jurisdictional discovery, dkt. 17, and on April 9, 2014, defendants filed their brief on the results of that discovery, dkt. 18. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

**II. LEGAL STANDARD**

   **A. Personal Jurisdiction**

   California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

   The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

   A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

(1)  The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2)  The claim must arise out of or result from the defendant's forum-related activities; and
(3)  Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

The purposeful availment prong is treated differently in a contracts case. Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction ," a court must evaluate four factors to determine whether this prong is met: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478-79.

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

**B. Motion to Transfer**

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

the sound discretion of the trial judge.  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

### III. ANALYSIS

Defendants argue that this Court lacks personal jurisdiction over (1) corporate defendant E-Lot and (2) individual defendants Freedman and Dawson.  Defendants argue in the alternative that venue in this district is improper.  Lastly, defendants contend that this action, if not dismissed, should be transferred to the Northern District of New York for the convenience of the parties.  The Court considers each of these arguments in turn.

**A. Personal Jurisdiction over E-Lot**

Defendants first argue that this Court lacks personal jurisdiction over E-Lot.  E-Lot is a New York Corporation, with its primary place of business in Troy, New York.  Freedman Decl. ¶ 6.  E-Lot does not have facilities, personnel, or property in California.  Id. ¶¶ 9-16.  Instead, defendants state that E-Lot's only contacts with California were seven sales of scrap to plaintiff—a California corporation—between December 2011 and April 2012.  In each of these transactions, E-Lot purchased the scrap, shipped it from Troy, New York, to Port Newark, New Jersey, and loaded it on boats for transport to China.  Dawson Decl. ¶ 7.  With each transaction, New York-based officials of a Chinese inspection company inspected the scrap before it was shipped to China.  Id. ¶ 8.  Apart from the involvement of Longyu as purchaser, no part of these transactions took place in California.  Id. ¶ 11.  Based on these facts, E-Lot contends that it lacks sufficient contacts with California to vest this Court with either general or specific jurisdiction.

The Court begins its analysis by considering whether there is specific jurisdiction.  To establish specific jurisdiction over E-Lot in California, plaintiff must first show that (1) E-Lot purposefully availed itself of the privilege of conducting business in California or purposefully directed its activities at California residents and (2) that this case arises out of E-Lot's California-related activities.  Rano, 987 F.2d at 588.  Here, plaintiff argues that E-Lot purposefully availed itself of the privilege of doing business in California by contracting with Longyu to sell the scrap at issue in this case.  Plaintiff states that defendants initiated these transactions by contacting Longyu via email or telephone and notifying them that a load of scrap was available for sale.  Lee Decl. ¶ 11.  These emails would describe the quantity and quality of the scrap, and would sometimes include

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

pictures of the scrap. Id. If Longyu was interested in purchasing the scrap, it would submit a purchase order back to E-Lot. E-Lot would then send Longyu an invoice, and Longyu would respond by wiring payment from California to E-Lot. Id. Plaintiff states that each transaction involved between five and ten communications with E-Lot personnel. Id. ¶ 12.

The first prong of the specific jurisdiction analysis may be conducted under either a purposeful availment test or a purposeful direction test. Purposeful availment examines whether the defendant engaged in business activity within the forum state, thus invoking the "benefits and protections" of that state's laws. See Schwarzenegger, 374 F.3d at 802. Purposeful direction, by contrast looks for "evidence of the defendant's actions outside the forum state that are directed at the forum." Id. at 803. Because plaintiff's claims sound primarily in contract, the Court applies a purposeful availment analysis, rather than a purposeful direction analysis. Id. at 802. Under Burger King, 471 U.S. at 478-79, the Court looks to four factors to determine whether a contract implies purposeful availment: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, (4) the parties' actual course of dealing. Here, the Court determines that the first, third, and fourth Burger King factors show that E-Lot purposefully availed itself of the privilege of conducting business in California by contracting with Longyu.

On the first factor, plaintiff states that each of the scrap sales at issue in this case, as well as two other previous scrap sales, were initiated by E-Lot reaching out to negotiate with Longyu. Lee Decl. ¶¶ 11-18. Similarly, plaintiff describes at least two other instance in which E-Lot offered to sell Longyu lots of scrap, but Longyu declined. The course of prior negotiation thus reveals that E-Lot repeatedly "reached out" to a California corporation. See Burger King Corp., 471 U.S. at 479 (1985) ("[Defendant] deliberately reached out beyond Michigan and negotiated with a Florida corporation." (quotations and alterations omitted)); Decker Coal Co., 805 F.2d 834, 840 (9th Cir. 1986) ("Thus, if the defendant directly solicits business in the forum state, the resulting transactions will probably constitute the deliberate transaction of business invoking the benefits of the forum state's laws."). This history of multiple transactions also shows that the fourth Burger King factor—the parties' actual course of dealing—weighs in favor of a finding of purposeful availment. See, e.g., SRE-Cheaptrips, Inc. v. Media Synergy Grp., 2010 WL 1913589 at *5 n.2 (D. Idaho May 12, 2010) (distinguishing contacts with forum states arising out of "multiple transactions" from contacts that involve only "single shot deals"). And while E-Lot stresses that it conducted all of these negotiations from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

New York, this alone does not negate the fact that it negotiated with a California partner. See Roth, 942 F.2d at 622.

 The third Burger King factor also slightly favors a finding or purposeful availment. Here, the invoices submitted by E-Lot to Longyu unambiguously reflect Longyu's California address.  E.g., Lee Decl. Ex A.  Moreover, Longyu states that it wired payment from California to E-Lot.  Although these facts do not unambiguously reflect California-focused contracts, they did place E-Lot "on reasonable notice that they could expect to be called into court in California." Pac. Life Ins. Co. v. Spurgeon, 319 F. Supp. 2d 1108, 1113 (C.D. Cal. 2004).

 The only Burger King  factor weighing against a finding of purposeful availment is the second factor, the contemplated future consequences of the contract.  As E-Lot argues, these contracts generated future activity in New York, where the scrap was assembled, inspected, and shipped, as well as China, where the scrap was received.  It does not appear that these contracts led to future activity in California, except insofar as each sale led to further scrap sales.  Nonetheless, the Court finds that the first, third, and fourth  Burger King factors outweigh the second factor, and thus concludes that E-Lot purposefully availed itself of the privileged of doing business in California.  E-Lot therefore has minimum contacts with California.  Furthermore, because this case involves the very contracts that created those minimum contacts, the second prong of the specific jurisdiction test is also satisfied.

 As plaintiff has met its burden on the first two prongs of the test for specific jurisdiction, the burden the burden "shifts to the defendant[s] to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802.  E-Lot, however, does not identify any features of this case that would make the exercise of personal jurisdiction unreasonable, except for the arguments it raises in support of its arguments for improper venue and transferring this case.  For the reasons set forth below, the Court finds these arguments unpersuasive and accordingly concludes that it has personal jurisdiction over E-Lot.

  **B. Personal Jurisdiction over Freedman and Dawson**

 Individual defendants Freedman and Dawson also move to dismiss for lack of personal jurisdiction.  Freedman and Dawson, who are officers and directors of E-Lot,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

state that they have no contacts at all with California except fort negotiating contracts with Longyu on behalf of E-Lot. Freedman Decl. ¶¶ 3,4,7; Dawson Decl. ¶¶ 3, 4. Freedman and Dawson, however, negotiated these contracts in their corporate capacity as agents of E-Lot, and thus contend that they did not subject themselves to personal jurisdiction in their individual capacities. See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him"); Grober v. Mako Products, Inc., 686 F.3d 1335, 1347 (Fed. Cir. 2012) ("The fiduciary shield doctrine buffers corporate officers from personal jurisdiction when their official duties were their only contact with a forum state.").

Plaintiff responds that Freedman and Dawson are alter egos of E-Lot, and personal jurisdiction over E-Lot should therefore extend to Freedman and Dawson as well. "Under the federal law governing the exercise of in personam jurisdiction, if a corporation is the alter ego of an individual defendant, or one corporation the alter ego of another, the Court may 'pierce the corporate veil' jurisdictionally and attribute 'contacts' accordingly." ADO Fin., AG v. McDonnell Douglas Corp., 931 F. Supp. 711, 715 (C.D. Cal. 1996) (citing Certified Building Products, Inc. v. NLRB, 528 F.2d 968, 969 (9th Cir. 1976)). The Ninth Circuit has explained that a corporation's contacts may be attributed to its alter ego if "(1) there is such unity of interest and ownership that the separate personalities of [the corporation and the alleged alter ego] no longer exist and (2) . . . failure to disregard [their separate identities] would result in fraud or injustice." AT&T, 94 F.3d at 591.

The Court previously granted plaintiff leave to conduct jurisdictional discovery to substantiate its contention that Freedman and Dawson are alter egos of E-Lot. After conducting this discovery, plaintiff has proffered four categories of evidence that, plaintiff argues, demonstrates that the "separate personalit[y]" of E-Lot no longer exists. First, plaintiff identifies various minor deficiencies in E-Lot's corporate records. See Wagner Supp. Decl. Ex. A 15-56. Second, Dawson and Freedman received a loan from E-Lot in the amount of $66,993 that, plaintiff argues, did not comply with applicable New York corporation statutes. Third, plaintiff recites several small purchases made by E-Lot that appear to be for the benefit of Freedman and Dawson. Lastly, plaintiff states that defendants equivocate between using the corporate name "E-Lot" and "ELot."

After considering this evidence, the Court finds that plaintiff has not set forth sufficient evidence to justify piercing E-Lot's corporate veil at this time. Although

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

plaintiff has identified some irregularities, the evidence falls short of showing "such unity of interest and ownership that the separate personalities of [the corporation and the alleged alter ego] no longer exist [or] that failure to disregard [their separate identities] would result in fraud or injustice." AT&T, 94 F.3d at 591; Sonora Diamond Corp. v. Sup. Ct., 83 Cal. App. 4th 523, 539 (2000) ("The alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form."). Accordingly, the Court finds that it would be inappropriate to attribute E-Lot's contacts with California to Freedman and Dawson as alter egos. Freedman and Dawson therefore lack minimum contacts with California, and thus are not subject to personal jurisdiction in this Court.

### C. Venue

Defendants argue that venue is improper in this district. Under 28 U.S.C. § 1391(b), venue is proper in any district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Defendants contend that venue in the Central District of California is improper because all defendants reside in New York, and the events giving rise to plaintiff's claims all took place in New York.

The Court disagrees. As discussed above, this case sounds primarily in contract. E-Lot entered into these contracts with plaintiff, which is located within the Central District of California. E-Lot negotiated these contracts by sending emails and other communications to this district, and received payment under these contracts from this district. Accordingly, "a substantial part of the events or omissions giving rise to the claim occurred" in the Central District, and venue is thus proper.

### D. Motion to Transfer

Lastly, defendants request that this action be transferred to the Northern District of New York. Under 28 U.S.C. § 1404(a), the Court considers the follow factors in deciding whether transfer is warranted: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. E-Lot contends that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07086-CAS(JCGx) | Date | April 29, 2014 |
|---|---|---|---|
| Title | LONGYU INTERNATIONAL INC. V. E-LOT ELECTRONICS RECYCLING INC. ET AL. | | |

convenience of the parties and witnesses would be better served by transferring this action to the Northern District of New York, where E-Lot is located, and where the scrap was shipped from. E-Lot states that the various vendors who sold E-Lot the scrap, as well as the officials of the Chinese inspection company, are all located near the Northern District of New York. By contrast, Longyu argues that all of its domestic witnesses reside in the Central District of California, and that convenience therefore favors trying the case in this district.

Although it is a close question, the Court finds that venue should not be transferred for two reasons. First, to the extent that the key factual question in this case turns on the quality of the scrap sold by E-Lot, that scrap has now been shipped to China. Third-party witnesses to the quality of the scrap will thus have to fly from China to the United States to testify. Flying from China to the Central District of California will be more convenient for those witnesses than flying to the Northern District of New York. Cf. Zhejiang Ouhai Int'l Trade Corp. v. S. Cal. Valve Equip. Co., Inc., 2009 WL 4981144 (N.D. Cal. Dec. 16, 2009) ("Plaintiff's argument that it is easier to travel from China to California than Texas is persuasive."). Second, the Court accords substantial weight to plaintiff's decision to bring this action in the Central District of California. See Decker Coal Co., 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). In light of the fact that litigating in California will be approximately as inconvenient for E-Lot as litigating in New York would be for Longyu, these two considerations tip the balance in favor of denying defendants' motion to transfer.

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss for lack of personal jurisdiction. Specifically, the Court finds that it lacks personal jurisdiction over individual defendants Freedman and Dawson. Defendants' motion is otherwise denied.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |